# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 1783 | **DATE** | 5/7/2004 |
| **CASE TITLE** | Eduardo Perugachi, et al vs. Valet Parking Service, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. In summary, Perugachis have the better of the argument. Leahy doesn't not somehow trump Barrentine by preempting Perugachis' access to the federal courts to enforce their FLSA rights. This Court strikes AD 2.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | MAY 10 2004 | |
| | Notified counsel by telephone. | | date docketed | 16 |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 5/7/2004 | |
| | | | date mailed notice | |
| SN | courtroom deputy's initials | | SN | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

EDUARDO PERUGACHI, et al., etc., )
)
Plaintiffs, )
)
v. ) No. 04 C 1783
)
VALET PARKING SERVICE, INC., )
et al., )
)
Defendants. )

## MEMORANDUM OPINION AND ORDER

Valet Parking Service, Inc. ("Valet Parking") and Cesar Meza, two of the three defendants in this putative opt-in action under the Fair Labor Standards Act ("FLSA") and putative class action under two Illinois statutes, have included in their Amended Answer to the First Amended Complaint filed by Eduardo and Edison Perugachi (collectively "Perugachis") a Second Affirmative Defense ("AD 2") asserting that Perugachis and those whom they seek to represent have failed to exhaust their administrative remedies under a collective bargaining agreement ("CBA") that covers their employment. Although no formal motion has been brought in that respect, Perugachis' counsel has written an April 12, 2004 letter requesting the withdrawal of AD 2, to which defendants' counsel[1] have written an April 29, 2004 letter rejecting that position on the asserted authority of Leahy v.

---

[1] For convenience this opinion will use the term "defendants" even though the third defendant, Carlos Vargas (appearing pro se), has not joined issue on the subject.

City of Chicago, 96 F.3d 228 (7th Cir. 1996). This opinion resolves that issue without the need for either party to bring the matter on by motion.

Leahy was an FLSA lawsuit by Chicago police officers who claimed that restrictions imposed on their meal periods had rendered those periods compensable work time under FLSA. After the District Court had granted the City's motion for summary judgment on the basis that the officers' meal periods were not compensable work time under FLSA, the Court of Appeals affirmed on different grounds. As Leahy, 96 F.3d at 231 stated (over a vigorous dissent by Judge Cudahy):

> Instead, the City justifies the grant of summary judgment on a ground the district court rejected--that the collective bargaining agreement between the City and the police officers satisfies the FLSA by providing that officers will receive overtime pay if they work a full eight hours and also work during their meal period. Both parties acknowledge that discovery was complete as to this issue. We agree that the collective bargaining agreement protects the plaintiffs' rights to overtime compensation under the FLSA, and affirm the grant of summary judgment on that basis.

As defendants would have it, Leahy somehow supersedes the holding of the Supreme Court in Barrentine v. Arkansas-Best Freight Sys., Inc., 450 U.S. 728, 737, 740-41 (1981)(citations and footnote omitted):

> While courts should defer to an arbitral decision where the employee's claim is based on rights arising out of the collective-bargaining agreement, different considerations apply where the employee's claim is based on rights arising out of a statute designed to

2

> provide minimum substantive guarantees to individual
> workers.
>
> \* \* \*
>
> This Court's decisions interpreting the FLSA have
> frequently emphasized the nonwaivable nature of an
> individual employee's right to a minimum wage and to
> overtime pay under the Act. Thus, we have held that
> FLSA rights cannot be abridged by contract or otherwise
> waived because this would "nullify the purposes" of the
> statute and thwart the legislative policies it was
> designed to effectuate. Moreover, we have held that
> congressionally granted FLSA rights take precedence
> over conflicting provisions in a collectively bargained
> compensation arrangement.

But in the judicial firmament, just as no District Judge such as this one is empowered to override its Court of Appeals even if it wished to do so (as this Court of course does not), so no Court of Appeals is empowered to override the teachings of the Supreme Court (let alone doing so sub silentio, as defendants' argument would effectively require).

All that the CBA on which defendants seek to rely for their argument says in its Section 15.4 is this:

> If an Employer has any employees covered by the Fair
> Labor Standards Act, overtime shall be paid in
> accordance with said Act and at least thirty (30)
> minutes shall be allowed each day without pay for an
> employee's lunch period.

That simple requirement that employers such as Valet Parking must conform to FLSA does not force employees to pursue the CBA's grievance procedures (which among other things do not provide the full panoply of remedies provided by FLSA) rather than turning to the courts to pursue the rights guaranteed by <u>Barrentine</u>. Nor

3

does Leahy, which dealt with a special situation in which the specific contention advanced by the plaintiff officers was dealt with in particular by the CBA involved there (as contrasted with the generic mandate to conform to FLSA requirements that is set out in the CBA now at issue), teach otherwise.

Post-Leahy the Fifth Circuit in Bernard v. IBP, Inc. of Neb., 154 F.3d 259, 263-64 (5th Cir. 1998), speaking through the late Judge John Minor Wisdom, quoted the same language from Barrentine that this opinion has quoted, referred to the Barrentine acknowledgment that "arbitration of FLSA claims is inadequate because the FLSA provides for liquidated damages, attorneys' fees and costs" (id. at 263) and stated (id. at 263-64):

> Under Barrentine, then, the plaintiffs' right to pursue
> a suit under the FLSA is completely independent from
> their rights under the CBA.

Bernard, id. at 264 (footnotes omitted) then continued with the expression of some unkind thoughts as to Leahy:

> IBP relies upon Leahy v. City of Chicago, Illinois to
> argue that the CBA precludes the plaintiffs' suit under
> the FLSA. In Leahy, a panel of the Seventh Circuit,
> over a vigorous dissent, concluded that police officers
> seeking overtime pay for meal breaks were required to
> pursue their complaint under the grievance handling
> procedures of the officers' CBA. In his dissent, Judge
> Cudahy wrote: "the assertion that merely by providing
> for overtime pay in its collective bargaining agreement
> an employer may insulate itself from FLSA scrutiny
> borders on the preposterous. Yet the majority's
> opinion essentially boils down to just such an
> assertion." Not only is the majority position
> "preposterous," it completely ignores the Supreme

4

Court's decision in Barrentine. In the present case, then, the district court correctly concluded that the plaintiffs' suit was not preempted by the CBA.

This Court cannot of course--and does not--express such disapproval, for it is properly bound by the majority decision in Leahy. But it can and does agree with the unpublished per curiam opinion in Adam v. Brown County (Wis. App. 1997), No. 96-2398, 1997 WL 406265 at *3, which also relied on Barrentine and rejected Brown County's argument--identical to that advanced by defendants here--as "read[ing] Leahy too broadly."[2]

In summary, Perugachis have the better of the argument. Leahy does not somehow trump Barrentine by preempting Perugachis' access to the federal courts to enforce their FLSA rights. This Court strikes AD 2.

                                            _/s/ Milton I. Shadur_
                                            Milton I. Shadur
                                            Senior United States District Judge

Date: May 7, 2004

---

    [2] In that respect Adams also pointed to Tennessee Coal, Iron & Railway Co. v. Muscoda Local No. 123, 321 U.S. 590, 603 (1944), a decision that Leahy itself recognized as having continuing force (96 F.3d at 232).

5